IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICK DONZELL LEE                                                                                    PLAINTIFF

v.                                              Civil No. 4:15-cv-04102

OFFICER PATTERSON; and
SERGEANT MILLER                                                                                     DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      This is a civil rights action filed *pro se* by Plaintiff, Patrick Donzell Lee, under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants' Motion for Summary Judgment. ECF No. 62. After careful consideration, I make the following Report and Recommendation.

**BACKGROUND**

      Plaintiff filed his Complaint on October 7, 2015, alleging he was incarcerated under unconstitutional conditions of confinement, subjected to excessive force, and denied medical care during his incarceration in the Miller County Detention Center ("MCDC"). ECF No. 1. Plaintiff is currently incarcerated in the Arkansas Department of Correction – East Arkansas Regional Unit, in Marianna, Arkansas. He is suing Defendants Patterson and Miller in both their official and individual capacities. Plaintiff is seeking injunctive relief and compensatory and punitive damages. ECF Nos. 1, 24.

      Defendants Patterson and Miller filed a summary judgment motion on January 9, 2017, alleging they are entitled to judgment as a matter of law because: 1) Plaintiff was not subjected to unconstitutional conditions of confinement; 2) Defendants were not deliberately indifferent to

Plaintiff's medical needs; 3) any force used to remove Plaintiff from his cell was reasonable; 4) Defendants are entitled to protections of qualified immunity; and 5) there is no basis for official capacity liability. ECF No. 62. To assist Plaintiff in responding to the motion, I sent a questionnaire asking him to agree or disagree with various statements set forth by Defendants as undisputed facts. Plaintiff filed the questionnaire as his Response to the summary judgment motion on January 30, 2017. ECF No. 67. Defendants filed a Reply to Plaintiff's Response on February 1, 2016. ECF No. 68.

Plaintiff was booked into the MCDC on June 3, 2015. ECF No. 67. Plaintiff alleges on August 13, 2015, "Officer Patterson arrived at my cell. My cell mate told him that I was getting out my bed. I jumped down to only slip and fall in water that was on the floor once again from a leak, that officer Patterson knew of already and felled to act on." ECF No. 67. Plaintiff claims because Defendant Patterson failed "to fix a major water leak, I fell in it, hitting my head on the camode, sending me into a seizure, as well as causeing head and back trauma in which I had to be sent to the hospital by E.M.S." ECF No. 1. Plaintiff also claims Defendant Patterson used "excessive force" after finding Plaintiff on the floor when he improperly "drag me to the dayroom over ten feet while I was in a seizure still, when I should have not been moved by dragging in that kind of sickness, or injury, not knowing the extent or being medical personnel." ECF No. 67. Plaintiff admits 911 was called and the nurse at the MCDC continued to talk to him and conduct neuro checks on him after he was moved out of his cell by Defendant Patterson. ECF No. 67.

Plaintiff states Defendant Miller arrived on the scene shortly after the nurse begin providing him with medical care. ECF No. 67. Plaintiff was then taken to Wadley Regional Medical Center via ambulance where he was prescribed Anaprox for pain management. ECF No. 67. After being treated at the hospital, Plaintiff returned to the MCDC and the nursing staff at MCDC continued

to monitor his condition and advised him to notify the MCDC staff of any changes in his condition. ECF No. 67. With respect to Defendant Miller, Plaintiff claims "by not making her rounds to ashore officers working under her follow stricked guidelines in accordance with job policy and rules. I slip and fell in water caused by the unwillingness of her officer to do his entitled job duties." ECF No. 1.

## LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**DISCUSSION**

As an initial matter, Plaintiff can no longer seek injunctive relief from the MCDC as he is no longer incarcerated at that facility. *See Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997) (release from the institution in which the injunctive relief is sought against moots the request for injunctive relief). *See also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmate's claims regarding prison conditions moot once the inmate was transferred and no longer subject to those conditions). Therefore, Plaintiff's request for injunctive relief fails as a matter of law.

    1.   Official Capacity Claim

Section 1983 provides a federal cause of action for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a defendant acted under color of state law and they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants Patterson and Miller are treated as claims against Miller County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of*

*Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. To establish a claim for "custom" liability, [Plaintiff] must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id.*, 725 F.3d at 828 (citations omitted).

Plaintiff's only mention of official capacity liability against Defendants is found in his Complaint where he states that each Defendant did not follow "policy in regards to inmate safety and well being…" and "not making shore job duties are followed for inmate safety, proper living, and job accountability". ECF No. 1. Plaintiff has not presented any evidence of an unconstitutional policy or custom of Miller County that contributed in any way to a violation of Plaintiff's civil rights. Instead, Plaintiff alleges Defendants Patterson and Miller failed to follow the actual policies of the MCDC relating to inmate safety and living conditions. Such a claim is not actionable. *See Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for

5

violation of prison policy). Accordingly, Plaintiff's claims against Defendants Patterson and Miller in their official capacity fail as a matter of law.

    2. Conditions of Confinement

Plaintiff has alleged during his incarceration at the MCDC he was subjected to unconstitutional conditions of confinement because there was a water leak in his cell which he alleges caused his fall and subsequent injuries. ECF Nos. 1, 24. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875.

6

Plaintiff claims "on August 13, 2015, while doing pill pass in Max Delta. Officer Patterson walked to only the cell's that was getting medication. I and my cellie stopped him while they were walking by and informed him by words and showing him the leaks and water and ect." ECF No. 67. Plaintiff also stated "I told Officer Patterson about the water leak when he was walking with the pill nurse passing out medication. Officer Patterson came in, watched me clean the water up from the floor as he told me to do and he would bring me a clean towel later. Officer Patterson new of the water leak and risk of harm within the cell." ECF No. 67. Defendant Miller states she never saw a water leak in Plaintiff's cell and that she was never informed of any water leak. ECF No. 64-2. Defendant Patterson submitted an affidavit (ECF No. 64-3) describing the events of August 13, 2015, but does not mention anything about a water leak in Plaintiff's cell or whether he was told by Plaintiff about the leak.

Giving Plaintiff the benefit of all reasonable inferences, the Court does not believe there is sufficient factual evidence to support any deliberate indifference on the part of Defendants even if they were informed of the water leak on August 13, 2015. Plaintiff states Officer Patterson saw him clean up the water and then offered to bring him another towel. ECF No. 67. Plaintiff allegedly slipped on the water in his cell later that same day. While the failure of Defendants to repair the leak the same day they were informed of its existence may have been careless, they were at most negligent. Mere negligence does not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Accordingly, Defendants are entitled to summary judgment on Plaintiff's condition of confinement claim.

3. Excessive Force

In evaluating an excessive force claim under the Eighth Amendment, the relevant inquiry is whether the force used was applied in a good-faith effort to maintain or restore discipline or was used to maliciously and sadistically to cause harm. *See U.S. v. Miller,* 477 F.3d 644, 647 (8th Cir. 2007). In deciding whether a particular use of force was reasonable, the Court is required to consider whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by correctional officers, the efforts by the officers to temper the severity of the forceful response, and the extent of the inmate's injuries. *See Johnson v. Hamilton,* 452 F.3d 967, 972 (8th Cir. 2006) (citation omitted).

Plaintiff alleges Defendant Patterson "drag me to the dayroom over ten feet while I was in a seizure still, when I should have not been moved". ECF No. 67. From the record, it does not appear to this Court that any excessive "force" was used by Defendant Patterson. Plaintiff was lying on the floor of his cell, injured. Plaintiff's cell mate was in the cell with him. Defendant Patterson removed Plaintiff from his cell in order for the MCDC nurse to provide medical treatment to Plaintiff in a safe and secure environment. Defendant Patterson's actions were reasonable under the circumstances. Further, there are no summary judgement facts, indeed no allegation, that Defendant Patterson injured or caused an existing injury to be worse by moving Plaintiff to an area where could receive medical care. Defendants are therefore entitled to summary judgment on Plaintiff's claim for excessive force.

4. Denial of Adequate Medical Care

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The Eighth Circuit analyzes both a pretrial detainee's and a convicted

inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006). To prevail on his Eighth Amendment claim, Plaintiff must prove Defendants Patterson and Miller acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). In order to show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

In order for a prisoner to establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

In this case Plaintiff admits he was promptly seen by medical staff following his injury. ECF Nos. 1, 24. However, he claims Defendant Patterson improperly made a medical decision by removing Plaintiff from his cell and that Defendant Miller denied him medical care. ECF Nos, 1, 24. The pleadings simply do not support either of these allegations. Upon being notified that

Plaintiff had fallen and was injured, Defendant Patterson immediately called for the MCDC medical staff. As soon as medical staff arrived, Defendant Patterson removed Plaintiff from the cell so Plaintiff could receive medical care. The nurse at the MCDC began caring for Plaintiff after he was removed from the cell. ECF No. 67. After receiving medical care from the nurse, 911 was called and Plaintiff was transported to Wadley Regional Medical Center. As to Defendant Miller, Plaintiff has not stated any specific facts to demonstrate that Defendant Miller denied Plaintiff medical care. Consequently, Plaintiff has not shown Defendants were deliberately indifferent to his medical needs and his claims against them fail as a matter of law.

## CONCLUSION

For the reasons stated, I recommend Defendant Patterson and Defendant Miller's Motion for Summary Judgment (ECF No. 62) be **GRANTED** and all claims against them be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 2nd day of February 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE